**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE        )
                           )
                           )    Crim I.D. No. 30109009DI
   v.                         )
                           )
LESTER ANDERSON,        )
                           )
    Defendant.        )

Date Submitted:  October 10, 2024
Date Decided:  December 9, 2024

## ORDER

**On Defendant's Motion for Correction of an Illegal Sentence – DENIED**
**On Defendant's Motion "to leave for Summary Judgment" - DENIED**

On this 6th day of December, 2024, after having considered Lester Anderson's (hereinafter "Anderson") Motion for Correction of an Illegal Sentence and Motion to Leave for Summary Judgment, the facts, procedural history and the entire record in this case, it appears to the Court that:

1.  Anderson was convicted following a jury trial of Murder in the First Degree on February 11, 1992.[1]  The State announced its intention not to seek capital punishment shortly after Indictment and at no time sought to reverse course.[2]  Trial was held and Anderson was ultimately convicted of Murder in the First Degree and

---

[1] *See* Docket: *State v. Lester Anderson*, Criminal Action No. 2012004283, D.I. 11.
[2] D.I. 9.

acquitted of Conspiracy Second Degree. Anderson was sentenced to mandatory life imprisonment on July 10, 1992.[3] Anderson filed an unsuccessful direct appeal, followed by six unsuccessful motions for postconviction relief and respective appeals, as well a multitude of other various motions since his conviction.[4]

2. Most recently, Anderson's sixth motion for postconviction relief was denied by this Court on May 31, 2024.[5] Anderson appealed that denial to the Delaware Supreme Court.[6] Anderson filed the instant motion for correction of an illegal sentence on September 19, 2024, while the aforementioned appeal was pending.[7] Anderson also filed a Motion to Leave for Summary Judgment on October 7, 2024.[8] Pursuant to the discretion afforded to the Court in Superior Court Criminal Rule 35, as well as the Order of the Delaware Supreme Court on August 12, 2024,[9] the Court considered Anderson's pending motion, despite the pendency of this appeal.[10]

---

[3] D.I. 35; 11 Del. C. § 4902.
[4] D.I. 18, 38, 52, 57, 61, 65, 69, 71, 73-75. 77, 81, 84-85, 87, 90, 91-92, 93-94, 95, 103, 104-105, 115-118, 129-133, 137, 147, 151.
[5] *State v. Anderson*, 2024 WL 2815460 (Del. Super. Ct. May 31, 2024); D.I. 153.
[6] Anderson's appeal has now been resolved and the denial of his sixth postconviction motion has been affirmed. *Anderson v. State*, 258, 2024, Nov. 2, 2024, LeGrow, J. (ORDER).
[7] D.I. 162.
[8] D.I. 164.
[9] *Anderson v. State*, 258, 2024, Aug. 12, 2024, Valihura, J. (ORDER).
[10] Anderson filed a Motion for Leave to File a Stay and Reserve Jurisdiction in both this Court and in the Supreme Court. D.I. 165. The Motion, while filed in this Court, had the Supreme Court caption on it. To the extent this can be deemed a pending motion before the Superior Court, it is **DENIED** as moot.

## MOTION FOR CORRECTION OF AN ILLEGAL SENTENCE

3. Pursuant to Superior Court Criminal Rule 35(a), "[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."[11] "The narrow function of Rule 35 is to permit correction of an illegal sentence, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of the sentence."[12] A sentence is illegal if: (1) the sentence imposed exceeds the statutorily-authorized limits; (2) is violative of the Double Jeopardy Clause; (3) is ambiguous with respect to the time and manner in which it is to be served; (4) is intentionally contradictory; (5) it omits a term required to be imposed by statute; (6) it is uncertain as to the substance of the sentence; or (7) it is a sentence which the judgment of conviction did not authorize.[13]

4. Anderson raises two separate grounds for relief in his motion for correction of an illegal sentence. First, Anderson claims that he was improperly sentenced to a greater penalty than one that is authorized by the General Assembly for his crime of first degree murder.[14] Second, Anderson claims his conviction was improper because the indictment did not allege his crime was committed with a baseball bat, and as a

---

[11] Del. Super. Ct. Crim. R. 35(a).
[12] *Hill v. United States*, 368 U.S. 424, 430 (1962).
[13] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[14] D.I. 162, at Ground II.

-3-

result his sentence was improperly enhanced because a jury did not find he "possessed" a bat.[15]

5. As to his first argument, Anderson is mistaken. Anderson was tried by a Jury and convicted of Murder in the First Degree under 11 *Del. C.* § 636.[16] Consequently, a jury found that Anderson intentionally caused the death of Steven Shumate by beating him about the head and body.[17] Anderson was accordingly sentenced under 11 *Del. C.* § 4209 following his conviction.[18] Delaware law dictates that, "[a]ny person who is convicted of first-degree murder for an offense that was committed after the person had reached the person's eighteenth birthday shall be punished by imprisonment for the remainder of the person's natural life without benefit of probation or parole or any other reduction."[19] Anderson was not sentenced to a greater penalty than authorized by the General Assembly – he was convicted of first degree murder and subsequently sentenced under the statute that sets forth the mandatory sentence for that criminal offense.[20] Anderson was legally sentenced pursuant to the statutory requirements of 11 *Del. C.* § 4209.

6. Anderson next argues that he did not receive proper notice that the state set out

---

[15] *Id.*
[16] D.I. 1, Indictment (Sept. 20, 1991).
[17] *Id.*
[18] D.I. 35, Sentencing Hearing (Jul. 19, 1992).
[19] 11 *Del. C.* § 4209
[20] *Id.*

-4-

to pursue a sentence enhancement under 11 Del. C. § 4209, in violation of his due process rights.[21] Anderson argues that he has a due process right to fair notice of any sentencing allegation that, if proven, will increase the punishment for a crime; i.e. a sentence enhancement provision.[22] Anderson claims that the State did not properly plead the crimes he was charged with, which did not allow Anderson to predict his potential sentence.[23]

7. Anderson's claim fails first and foremost because he was not sentenced pursuant to any sentencing enhancement. Anderson argues that 11 *Del. C.* § 4209 is a "built-in enhancement of 11 *Del. C.* § 4205."[24] This assertion is incorrect. Section 4205(b)(1), of Title 11 states, "[f]or a class A felony not less than 15 years up to life imprisonment to be served at Level V except for conviction of first degree murder in which event § 4209 of this title shall apply."[25] Section 4209 defines the minimum punishment for an adult offended found guilty of first degree murder.[26] The statue does not implicate any additional punishment outside of the minimum sentence required for the crime committed.[27] Anderson was not deprived any due process

---

[21] D.I. 162, at Ground I.
[22] *Id.*
[23] *Id.*
[24] *Id.*, at Ground II.
[25] 11 *Del. C.* § 4205(b)(1).
[26] *See 11 Del. C.* § 4209.
[27] *Id.*

rights; Anderson was given the statutorily mandated sentence for the charge of murder in the first degree. This is the sentence for intentional murder regardless of the instrumentality of the crime.

8. Any arguments made by Anderson regarding the legality of his conviction is misplaced as Superior Court Criminal Rule 35 (a) is an avenue to address illegal sentences, not convictions. Anderson's sentence is legal because it is within the statutorily proscribed timeframe. Further, his sentence was not imposed in an illegal manner.

9. Accordingly, Defendant's Motion for Correction of an Illegal Sentence is **DENIED**.

### MOTION TO LEAVE FOR SUMMARY JUDGMENT

10. Anderson filed a Motion to Leave for Summary Judgment on October 7, 2024.[28] While this motion is entitled "Motion to Leave for Summary Judgment," the particular legal issues Anderson is attempting to raise is unclear. Anderson appears to argue that the Superior Court can hear his Rule 35 motion during the pendency of his appeal in the Supreme Court for his postconviction matter.[29]

11. Specifically, Anderson's motion states:

> Partial summary judgment on a cause of action to the extent that no dispute exist [sic] as to a filing of Criminal Rule 35(a), because the

---

[28] D.I. 164.
[29] *Id.*

authority vested by General Assembly into the Superior Court's judicial process does not divest jurisdiction.

The language at issue concerning jurisdiction, do not [sic] impose any duty on this court to seek an substitute or defer judgment during the course of action to correct an illegal sentence, pending an appeal of Criminal Rule 61[.]

Petitioner, aforethought as to the matter or jurisdiction, move [sic] by leave of court, by way of motion to stay in Supreme Court and sought to return to the lower-court and properly file application pursuant upon Superior Court Criminal Rule 35(a).[30]

12.  As discussed above,  Superior Court Criminal Rule 35 confers Superior Court jurisdiction to hear a challenge of an illegal sentence during the pendency of an appeal in the Delaware Supreme Court, upon the discretion of the Court.[31]  Therefore, the claims he raised in his motion for correction of an illegal sentence are properly before the Court and have been decided *supra*.  Therefore, any request in this motion that the Court hear the matter filed pursuant to Superior Court Criminal Rule 35(a) is **DENIED** as moot.

13.  To the extent Anderson is requesting a form of partial summary judgment, it is well established that summary judgment is not available in criminal matters.[32]

---

[30] *Id.* at 3, 4 & 5. (internal citations to docket entries omitted).

[31] Initially, Superior Court declined to hear Anderson's initially filed motion under this Rule given the appeal pending in Supreme Court.  D.I. 163.  However, following the Order of the Supreme Court, this Court considered the instant motion.

[32] *State v. Norwood*, 2011 WL 3453647, *8 (Del. Super. Jul. 29, 2011) ("The Defendant has also filed a Motion for Summary Judgment. Such motions are not appropriate in criminal matters, and therefore it is summarily dismissed.").

Accordingly, the Defendant's Motion to Leave for Summary Judgment is **DENIED**.

**THEREFORE**, Anderson's Motion for Correction of an Illegal Sentence is

**DENIED**, and Anderson's Motion to Leave for Summary Judgment is **DENIED**.

**IT SO ORDERED**.

_____
Danielle J. Brennan, Judge

Cc:    Original to Prothonotary
       Lester Anderson, SBI 00225954
       David Hume, Esquire, Department of Justice